AUGE, PLAINTIFF AND APPELLEE, *v.* SOLOSSE,
DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in an
Action for Divorce.—Provisional Support and *Litis Ex-
pensas.*

No. 2951.—Decided May 22, 1923.

DIVORCE—PROVISIONAL SUPPORT—LITIS EXPENSAS.—After a divorce judgment is
rendered against the wife she may move for and obtain provisional support
and *litis expensas* pending an appeal from the judgment.

ID.—ID.—ID.—CONSTRUCTION OF LAW.—According to section 348 of the Code of
Civil Procedure, the phrases "during the time the suit is pending" and
"during the suit" used in sections 166 and 168 of the Civil Code mean until
a final determination of the action on appeal, or until the time within which
an appeal may be taken has expired.

ID.—ID.—ID.—An order allowing the appellant wife $100 for counsel fees and
$30 monthly for provisional support after a divorce judgment had been
rendered against her is not contrary to section 216 of the Civil Code when
it was shown that the husband was the owner of 13 hectares of land in
Hato Rey, of which he has sold several small lots, and of 100 acres of land
in Río Piedras.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the appellant.

*Messrs. R. H. Blondet* and *J. Martínez Dávila* for the
appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The question in this case is whether after judgment
against the wife in an action for divorce and while an ap-
peal taken by her is pending, the trial court should grant
her petition for provisional support and *litis expensas.*
The district court answered the question in the affirmative
and the husband appealed to the Supreme Court.

In our opinion the district court acted correctly. Sec-
tion 168 of the Civil Code reads as follows: "If the wife
have not sufficient means to provide for her maintenance
during the suit, the district court shall order the husband
to pay her a sum for her separate maintenance in proportion
to his means." And in construing the words "during the

time the suit is pending" in section 166 of the Code, which is also a part of the chapter entitled "Provisional measures to which a suit for divorce may give occasion," this court held: "The words 'during the time the suit is pending,' used in section 166 of the revised Civil Code, mean until its final determination on appeal, or until the time for appeal has expired, in accordance with the provisions of section 348 of the Code of Civil Procedure." *Ex Parte Axtmayer,* 19 P. R. R. 378. Both phrases, "during the suit" and "during the time the suit is pending," according to the spirit of the whole chapter, should be considered as having the same meaning. Although the presumption is that the judgment appealed from is correct, it can not be denied that the appeal opens the controversy anew and the transitory situation is thereby prolonged. Until the conflict is finally adjusted and until the bonds of marriage have been totally dissolved, the marriage exists and the needs of the spouses must be provided for in accordance with the law.

Having disposed of this question, the only doubtful one presented, the others offer no difficulty.

In the case of *Wolkers* v. *Masson,* 27 P. R. R. 259, it was held that "A wife who brings an action for divorce has a right to claim from her husband, in a collateral action for alimony, the payment of attorney fees *pendente lite,* and the amount thereof is in the sound discretion of the court."

Here the attorney's fees were fixed at $100 and the alimony at $30 a month. The husband is the manager of the community property and evidence was presented tending to show that he has recorded in his name one property of 13 hectares in Hato Rey, of which he has sold more than 10 small lots, and another property of 100 acres in the wards of Mameyes and Hato Nuevo of Río Piedras. No violation of section 216 of the Civil Code has been shown.

The order appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.